**Mark BAETA, Petitioner–Appellant,**

v.

**Frankie Sue DEL PAPA; State of Nevada, Respondents–Appellees.**

No. 06–15103.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 11, 2007.

Filed June 29, 2007.

Linda Marie Bell, Esq., Federal Public Defender's Office, Las Vegas, NV, for Petitioner–Appellant.

Erik A. Levin, Esq., Office of the Nevada Attorney General, Carson City, NV, David K. Neidert, Esq., Office of the Nevada Attorney General, Reno, NV, for Respondents–Appellees.

Before: SCHROEDER, Chief Circuit Judge, CANBY and FERNANDEZ, Circuit Judges.

MEMORANDUM *

Petitioner Mark Baeta is a Nevada state prisoner who appeals the district court's denial of his 28 U.S.C. § 2254 habeas petition, challenging his conviction for sexual assault of a minor under the age of fourteen and his corresponding sentence of twenty years to life with the availability of parole beginning earlier. He claims he was denied effective assistance of counsel because he pleaded guilty in reliance upon alleged representations by his counsel that he would receive a sentence of five years.

We will grant a petition for habeas corpus only if the last reasoned state court decision was predicated on an unreasonable application of established federal law or constituted an unreasonable application of the facts to this case. *See* 28 U.S.C. § 2254; *Williams v. Taylor,* 529 U.S. 362, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000).

The state trial court expressly found, in a post conviction hearing, that Baeta was not credible. The Nevada Supreme Court noted that finding and denied the petition, holding that counsel's performance was not deficient and even if it were, Baeta cannot show prejudice.

The Nevada Supreme Court's decision was not objectively unreasonable. Even assuming Baeta's counsel was deficient in failing to obtain a rap sheet on his client, there was no prejudice. The alleged promise of a five-year sentence came after

---

* This disposition is not appropriate for publication and is not precedent except as provided

Baeta inaccurately represented his own criminal history to his lawyer. During the guilty plea colloquy, the trial court explained to Baeta that the possible sentence could be as much as twenty years to life, and Baeta acknowledged his understanding of that possibility. In the plea bargain memorandum Baeta again acknowledged that his plea was premised on the existence of only two prior convictions and that inaccuracies could lead to a higher sentence. During the plea colloquy, Baeta acknowledged his understanding of the statements in the plea bargain agreement. There is thus no evidence that Baeta was prejudiced from any statement of his counsel regarding a five-year sentence. *See Hill v. Lockhart,* 474 U.S. 52, 59, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985); *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

AFFIRMED.